IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FINVEST ROXBORO, LLC d/b/a/ Phipps Place Apartments, | : : : | CIVIL ACTION NO. 1:16-CV-0069-WSD-JSA |
| Plaintiff, | : : | |
| v. | : : | |
| HAROLD JACKSON, | : : | **ORDER AND FINAL REPORT AND** |
| Defendant. | : | **RECOMMENDATION** |

Defendant Harold Jackson, proceeding *pro se*, seeks leave under 28 U.S.C. § 1915(a)(1) to remove this action to this Court *in forma pauperis,* without prepaying applicable fees and costs or security therefor. However, Defendant's submitted Application to Proceed in District Court without Prepaying Fees or Costs [1] is entirely blank except for his printed name, signature, and the date. Thus, the Court is unable to determine Defendant's financial status, and Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1] is **DENIED**.

Pursuant to 28 U.S.C. § 1447, if at any time before final judgment it appears that this Court lacks subject matter jurisdiction over an action that has been removed from a state court, this Court must remand the action. *See* 28 U.S.C. § 1447(c). The undersigned must therefore examine Defendant's "Notice of Removal of Civil Action and Motion to Stay Writ of Possession" [1-1] ("Notice of Removal") to determine whether this Court has jurisdiction over Plaintiff's claims. "In removal cases, the

burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).

Defendant's Notice of Removal [1-1] does not appear to contend that Plaintiff has asserted any federal claims in the subject state court action. Instead, Defendant is claiming certain defenses under federal law, specifically alleging that his[1] unspecified constitutional rights were violated. Thus, it appears that Defendant is alleging that this Court has subject matter jurisdiction over this case on the basis of a federal question. The Court has reviewed the record, however, and determines that Defendant has not established federal question jurisdiction.

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under 28 U.S.C. § 1441, a defendant may remove a civil action to a district court on the basis of such federal question jurisdiction. *See* 28 U.S.C. § 1441(a). The Supreme Court has held that the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule. That rule provides that federal jurisdiction exists only when a federal question is presented on the face of the state court plaintiff's properly-pleaded complaint. *See Gully v. First*

---

[1] Defendant Jackson identifies himself as the Plaintiff throughout the Notice of Removal [1-1]. Thus, although the Notice of Removal states that Defendant violated Plaintiff's constitutional rights, Defendant Jackson is presumably arguing that Plaintiff violated his rights.

*Nat'l Bank*, 299 U.S. 109, 112-13 (1936); *see also Anderson v. Household Fin. Corp.*, 900 F. Supp. 386, 388 (M.D. Ala. 1995). Defendant, however, does not contend that Plaintiff has asserted any federal claims in this case, and a review of the record reveals that Plaintiff has asserted no federal claims.

Instead, Defendant's Notice of Removal indicates that Plaintiff's action in the Magistrate Court of Fulton County is a dispossessory action to remove Defendant as a tenant after his failure to pay rent. *See* Notice of Removal [1-1] and attachment. An eviction or dispossessory action is a process governed by state law that does not typically implicate federal law. Defendant has not identified in the Notice of Removal [1-1] any federal question that Plaintiff's state court eviction action raises. To the extent that Defendant is attempting to remove this action by asserting defenses or counterclaims which invoke federal statutes, that basis of removal is also improper. Under the well-pleaded complaint rule, federal defenses and counterclaims are not sufficient to confer jurisdiction on this Court to hear an action removed from a state court. *See Fed. Land Bank of Columbia v. Cotton*, 410 F. Supp. 169, 170 n.1 (N.D. Ga. 1975) ("defendant's defense and counterclaim relating to truth-in-lending violations are clearly not sufficient to confer subject-matter jurisdiction upon this court for the entire action").

3

Defendant also contends, without support, that this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. However, this statute pertains to civil actions in which district courts have original jurisdiction, and is therefore, inapplicable to this lawsuit that consists solely of state law claims over which this Court does not original jurisdiction.

Defendant has not alleged that this Court has diversity jurisdiction over this action. *See* 28 U.S.C. § 1332(a). But even if he had alleged diversity as a basis for jurisdiction, diversity between parties does not provide a basis for removal to federal court if any of the properly joined defendants is a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441(b)(2). Defendant states that he is a resident of Atlanta, Georgia, and does not allege citizenship in any other state. *See* Notice of Removal [1-1] at 3. Thus, this action may not be removed on the basis of diversity jurisdiction.

Finally, the Court notes that the relief Defendant seeks in the title of the filing—a "Motion to Stay Writ of Possession"—is a stay of a state court action. Under the Anti-Injunction Act, 28 U.S.C. § 2283,[2] this Court cannot enjoin a state court action for eviction. The Anti-Injunction Act is "an absolute prohibition against

---

[2] The Anti-Injunction Act states: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

enjoining State Court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970). "The three excepted circumstances are (i) the express provisions of another act of Congress authorizing such an order; (ii) necessity in aid of the federal court's jurisdiction; and (iii) the need to protect or effectuate the federal court's judgments." *Std. Microsystems Corp. v. Texas Instruments, Inc.*, 916 F.2d 58, 60 (2d Cir. 1990). None of those exceptions applies in this case. This prohibition against injunctions applies whether the movant seeks to enjoin the parties to the action or the state court itself. *See, e.g.*, *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 134 F.3d 133, 144 (3d Cir.1998). In this case, Defendant seeks to enjoin Plaintiff from proceeding with a dispossessory action already filed in state court. This Court is, however, "absolutely prohibited" by the Anti-Injunction Act from granting such relief.

Accordingly, Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1] is **DENIED**, and for the reasons discussed above, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Fulton County.

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO ORDERED and RECOMMENDED** this 15th day of January, 2016.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE