IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FINVEST ROXBORO, LLC d/b/a/
PHIPPS PLACE APARTMENTS,

    Plaintiff,

v.

HAROLD JACKSON,

    Defendant.

1:16-cv-0069-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation ("R&R") [3], which recommends remanding this dispossessory action to the Magistrate Court of Fulton County, Georgia.

### I.  BACKGROUND

On December 8, 2015, Plaintiff Finvest Roxboro, LLC, d/b/a/ Phipps Place Apartments ("Plaintiff") initiated a dispossessory proceeding against Defendant Harold Jackson ("Defendant") in the Magistrate Court of Fulton County, Georgia.[1] The Complaint seeks possession of premises currently occupied by Defendant and seeks past due rent, fees and costs.

On January 11, 2016, Defendant, proceeding *pro se*, removed the Fulton

---

[1] No. 15ED015663.

County action to this Court by filing his "Notice of Removal of Civil Action and Motion to Stay Writ of Possession" ("Notice of Removal") and a blank application to proceed *in forma pauperis* ("IFP Application") [1].  Defendant appears to assert that there is federal subject matter jurisdiction because there is in the case a question of federal law.  Defendant asserts a counterclaim, under 42 U.S.C. § 1983, for an alleged violation of his constitutional rights.  Defendant also requests that the Court "[s]tay the Dispossessory or Writ of Possession until further notice from the Federal Court per this removal and lack of current jurisdiction."  (Notice of Removal at 2).

On January 15, 2016, Magistrate Judge Justin S. Anand denied Defendant's IFP Application.  The Magistrate Judge concluded that Defendant's blank IFP Application fails to comply with 28 U.S.C. § 1915(a)(1) because Defendant does not provide any information in his IFP Application regarding his assets, income, or expenses, and the Court is thus unable to determine Defendant's financial status.

The Magistrate Judge then considered, *sua sponte*, whether there is federal subject matter jurisdiction.  The Court found that federal subject matter jurisdiction was not present and recommended that the Court remand the case to the Magistrate Court of Fulton County.  The Magistrate Judge found that the Complaint filed in Magistrate Court asserts a state court dispossessory action and does not allege

federal law claims.  Because a federal law defense or counterclaim does not confer federal jurisdiction, the Magistrate Judge concluded that the Court does not have federal question jurisdiction over this matter.  The Magistrate Judge also found that Defendant failed to allege any facts to show that the parties' citizenship is completely diverse, or that the amount in controversy exceeds $75,000.  The Magistrate Judge concluded that the Court does not have diversity jurisdiction over this matter and recommended that this case be remanded to the state court.

On February 9, 2016, Defendant filed his Objection [5] to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error

review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

Defendant's Objection, in its entirety, states:

> This is a written objection in response to the order received January 30, 2016.  Defendant submitted Removal of court [sic] filing with a **waiver of fee document** [sic].  Defendant requests of the court that the Notice of Removal of Civil Action remain in Federal Court until a court date has been determined.

(Obj. [5] at 1).  Defendant's Objection is conclusory and does not address the Magistrate Judge's reasons for denying his IFP Application and recommending remand.  See Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court.").  This is not a valid objection, and the Court will not consider it.  The Court reviews the R&R for plain error.

B.  Analysis

The Magistrate Judge found that Plaintiff's Complaint does not present a federal question and that the parties are not diverse.  The Court does not find any plain error in these conclusions.  It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based

on federal law cannot confer federal question jurisdiction over a cause of action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).  The record also does not show that Plaintiff and Defendant are citizens of different states, or that the amount in controversy exceeds the statutory threshold of $75,000.  See 28 U.S.C. § 1332(a); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").

    Because the Court lacks both federal question and diversity jurisdiction, the Magistrate Judge recommended that this action be remanded to the magistrate court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  Defendant did not assert a valid objection to this recommendation and the Court finds no plain error in it.[2,3]

---

[2]    Even if subject-matter jurisdiction existed, the Court notes that it is unable to

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Harold Jackson's Objection [5] is **OVERRULED**.

**IT IS HEREBY ORDERED** that Magistrate Justin S. Anand's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action be **REMANDED** to the Magistrate Court of Fulton County, Georgia.

---

grant Defendant the relief he seeks—a stay of state court eviction proceedings—because a federal court is prohibited under the Anti-Injunction Act, 28 U.S.C. § 2283, from enjoining a state court eviction proceeding.

[3]   To the extent Defendant intended to appeal the Magistrate Judge's denial of his IFP Application, the Court does not find any error in the Magistrate Judge's conclusion that Defendant is not entitled to proceed IFP because his blank IFP Application fails to comply with 28 U.S.C. § 1915(a)(1). See 28 U.S.C. § 1915(a) (The Court "may authorize the commencement . . . of any suit, action, or proceeding . . . without payment of fees and costs . . . by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees . . . ."). The Court notes that, even if Defendant was permitted an opportunity to amend his IFP Application, this action would still be required to be remanded because the Court lacks subject matter jurisdiction. See Platinum Prop. Mgmt. Servs., LLC. V. Pryor, No. 1:13-cv-3396-WSD, 2014 WL 1870736, at *5 (N.D. Ga. May 9, 2014) ("Regardless, even had Defendant filed a proper and complete application and affidavit showing indigence, her application to proceed IFP in this Court would nevertheless fail to survive the frivolity review required under 28 U.S.C. § 1915(e) because the Court lacks subject-matter jurisdiction over the case.").

**SO ORDERED** this 24th day of February, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE